IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02319-REB-PAC

DONALD L. STURM,
MELANIE L. STURM,
JOHN C. STISKA,
JAMES O. SPITZENBERGER,
PAUL C. ADAMS, and
SHELDON S. OHRINGER,

    Plaintiff(s),

v.

OLD REPUBLIC INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
GENESIS INSURANCE COMPANY, and
CADWALADER, WICKERSHAM & TAFT, LLP

    Defendant(s).

_____

**ORDER**
_____

Patricia A. Coan, Magistrate Judge

    This is an insurance dispute between plaintiffs and defendant insurance companies concerning coverage under certain officer and director liability policies for defense expenses incurred and settlement amounts paid in connection with an underlying securities action in this Court, entitled *Rasner v. Sturm*, 00-cv-1376-JLK. Cadwalader, Wickersham & Taft, LLP ("CWT"), a law firm providing services in the underlying action, was added to the complaint in June of 2005. Plaintiffs claim that CWT's fees and costs were not reasonable, and that the insurer defendants, and not plaintiffs, are responsible

04-cv-02319-REB-PAC
September 27, 2005

for paying the unpaid fees and costs balance. Plaintiffs ask for a declaratory judgment on those issues and on whether the claims against CWT are subject to arbitration.

A November 12, 2004 Order of Reference referred this case to the undersigned for pretrial case management. Now before the Court are defendant Cadwalader, Wickersham & Taft, LLP's Alternative Motions for Stay [docket # 61, filed August 1, 2005] and Plaintiffs' Motion for Leave to File Third Amended Complaint [docket # 75, filed August 12, 2005 ]. Responses and replies have been filed to the motions. The Court finds that oral argument would not be of material assistance.

## Background

Defendant CWT represented plaintiffs in the underlying securities class action, invoicing fees and costs of over $14,000,000.00  Plaintiffs allege that CWT maintains it is still owed $2,527,357.18 in fees and costs and that plaintiffs and CWT dispute the reasonableness of the fees and costs charged.

Plaintiffs filed their complaint in this action on November 8, 2004 and their amended complaint on November 12, 2004. Plaintiffs named only the insurance company defendants in both complaints. CWT was not named in the instant lawsuit until June 8, 2005, when plaintiffs filed their second amended complaint, asking for a declaratory judgment to resolve whether the insurer defendants or plaintiffs are obligated to pay CWT's fees and costs incurred, and whether plaintiffs are obligated to

04-cv-02319-REB-PAC
September 27, 2005

arbitrate their disputes with CWT.  *See* Second Amended Complaint, ¶¶ 44-47.

On or about May 13, 2005, three weeks before the second amended complaint was filed on June 8, 2005, CWT served plaintiffs notice of CWT's intent to arbitrate plaintiffs' refusal to pay the outstanding fees and costs in New York.  *See* Doc. #63, Markel Declaration ¶17 and Ex. B.  Shortly after receiving CWT's notice of intent to arbitrate, on June 2, 2005, plaintiffs initiated a special proceeding in the New York Supreme Court seeking a declaration regarding the arbitrability of the fees and costs dispute with CWT*. See id.* ¶18 and Ex. C.  Briefing on the New York Supreme Court special proceeding was to have been completed by August 10, 2005.  Oral argument on the petition is set for December 8, 2005.  *See* CWT's Status Report [filed September 20, 2005].

## Analysis

### A. Motion for Stay

In its alternative motions for stay, CWT contends that the claim against it in this Court should be stayed pending the outcome of the New York proceedings; alternatively, CWT argues that the court should stay the case against CWT because the dispute is arbitrable.

CWT first contends that Rule 12(b)(1) empowers a court to stay a proceeding pending the outcome of a state court action.  CWT claims that the identical issues

04-cv-02319-REB-PAC
September 27, 2005

raised in the complaint against CWT have been raised in the New York proceedings and will be decided under New York law.  In response, the insurer defendants urge the Court to decline staying the case pending the New York proceedings because CWT was not a party to the arbitration agreement, and to decide the question of arbitrability, finding that the fee dispute is not subject to arbitration.  Plaintiffs respond that the plaintiff officers and directors are not obligated to arbitrate their fees and costs dispute with CWT because there is no agreement to arbitrate between plaintiffs and CWT, and that either the *Mhoon*[1] factors or the *Colorado River*[2] doctrine mandates against a stay of proceedings in this Court.

The Declaratory Judgment Act confers on federal courts substantial discretion in deciding whether to declare the rights of litigants. The statute provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a)(2005).

A declaratory judgment action may be stayed in the federal district court during

---

[1] *State Farm Fire and Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994).

[2] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

04-cv-02319-REB-PAC
September 27, 2005

the pendency of parallel state court proceedings.  *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942); and *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)( "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.")

When deciding whether to enter a stay when there are pending state proceedings, the district court should consider [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.  *See State Farm v. Mhoon*, 31 F.3d at 983 (internal citation omitted).

Here, the question of whether plaintiffs and CWT's fee dispute is arbitrable is before both this court and before two New York tribunals.  The reasonableness of CWT's fees is also before this court and is included in the arbitration demand in New York.  Whether the insurer defendants' policies provided coverage for the underlying securities action is an issue only in this Court; however, if coverage is found, then the

5

04-cv-02319-REB-PAC
September 27, 2005

reasonableness of the attorney fees and costs incurred is also an issue. A declaratory action in this court would resolve the coverage question, a major issue, and would decide whether CWT's attorney fees and costs were reasonably incurred, another major issue. A major procedural issue that also could be decided in this court is whether the plaintiffs' fee dispute with CWT is arbitrable. Accordingly, proceeding in this court would resolve all controversies between plaintiffs, CWT, and the insurer defendants and would clarify their legal relationships with respect to the issues in the second amended complaint. In contrast, because the insurer defendants are excluded from the New York proceedings, the only issues which can be resolved in New York are whether the fee dispute between CWT and plaintiffs is arbitrable, and if so, whether CWT's fees and costs were reasonable and whether plaintiffs should pay them. The first two factors of the *Mhoon* test thus weigh in favor of denying CWT's motion for stay.

The third and fourth *Mhoon* factors concern whether the declaratory action in this court is forum shopping, and the status of the case in both tribunals. I find that, while oral argument is set for December 8, 2005 in plaintiff's petition before the New York Supreme Court, the only issue in that proceeding is whether CWT's notice of arbitration demand should be stayed or enjoined. *See* Markel Declaration, Doc. 63, Ex. C. Moreover, while it is undisputed that the New York proceedings predated, by a few weeks, the filing of the second amended complaint naming CWT for the first time in this action, I find that CWT has not rebutted the insurer defendants' assertion that CWT

6

04-cv-02319-REB-PAC
September 27, 2005

knew of this pending action and chose not to intervene long before the New York proceedings were initiated.  My conclusion is that plaintiffs should not be charged with forum shopping, because their New York Supreme Court petition can only be interpreted as a defensive action in protest of CWT's notice of arbitration.  Rather, CWT's actions could be considered indicia of forum shopping.  I do not find any friction between this proceeding and the New York State proceedings because the New York proceedings at this time deal only with issues of arbitrability, while this Court has been asked to decide all of the claims among all of the parties, including the arbitrability of the fee dispute.  Further, I have been provided no information concerning the status of the demand for arbitration, so that I have not been advised that an arbitration date has been set or that plaintiffs and CWT are actively preparing for arbitration.  In this case, in contrast, plaintiffs' and the insurer defendants' counsel have met and decided upon a discovery plan, which has been approved by the Court, Rule 26(a)(1) disclosures have been made (except as to CWT), and discovery is proceeding.  If the New York courts find that the fee dispute is arbitrable, any discovery here may be used in that proceeding if the parties so agree.  Accordingly, on balance I find that the third and fourth *Mhoon* factors also weigh in favor of denying CWT's Motion for Stay.

Finally, I agree with plaintiffs that the fifth *Mhoon* factor also weighs against granting a stay.  An alternative remedy to this court is not available.  The most that can be decided in the New York proceedings is whether the plaintiffs' dispute with one

7

04-cv-02319-REB-PAC
September 27, 2005

defendant is subject to arbitration and if so, whether CWT's fees are reasonable and whether plaintiffs are required to pay them. Deferring those issues to the New York tribunals would result in piecemeal litigation.  Here, all issues among all the parties can be decided, including the arbitrability of the plaintiffs and CWT's dispute, and the matters of responsibility for payment and reasonableness of the fees and costs charged.

Finding that all factors weigh in favor of denying the CWT motion for stay, CWT's Motion for Stay will be denied.  Further, because I decide the stay question on CWT's first ground, I need not address the applicability of the *Colorado River* Doctrine or CWT's alternative motion for stay based upon this court's determination of the arbitrability of plaintiffs and CWT's fees and costs dispute.

**B. Motion for Leave to File Third Amended Complaint**

Plaintiffs seek leave to amend their second amended complaint on the ground that, based on the counterclaims asserted by the defendant insurers, new issues have arisen about whether CWT should reimburse plaintiffs for fees *previously paid* if the court should determine that those fees and costs were unreasonable.  Accordingly, plaintiffs wish to assert new claims against CWT.  Defendant insurers do not object to the motion.  Defendant CWT objects, contending that the action should be stayed against them because of the New York proceedings and the arguments CWT raised in

04-cv-02319-REB-PAC
September 27, 2005

its alternative motions for stay, which have been previously described in this Order.

Rule 15 applies to a motion to amend a complaint. Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Here, as of the date of filing of plaintiffs' subject motion, there was no deadline for the filing of amended pleadings because the scheduling conference had not yet occurred. The liberal standard of Rule 15(a) thus applies. I find that plaintiffs first learned of the issues in the defendant insurers' counterclaims when the counterclaims were filed on July 7, 2005. Plaintiffs' motion was filed approximately a month later on August 12, 2005. Plaintiffs have not unduly delayed. Discovery has just begun in this case and CWT has made no showing of prejudice if the amendment were permitted. And, I do not find bad faith or improper motive on the part of plaintiffs. The Plaintiffs' Motion for Leave to Amend will therefore be granted.

04-cv-02319-REB-PAC
September 27, 2005

### C. Notice to the Parties

Upon finalizing this order, I discovered that one of the attorneys is with the firm of Faegre & Benson. My daughter, Maura M. Coffin, a senior paralegal, became employed by Faegre & Benson in the Boulder office as of Monday, September 19, 2005. I have not been advised that she has or will work on this case. However, if the fact of her new employment presents a problem for any party, a motion directed to the issue should be filed.

### Orders

For the reasons stated, it is hereby

**ORDERED** that the **stay** favoring CWT imposed at the August 25, 2005 scheduling conference is hereby **lifted**; it is further

**ORDERED** that plaintiffs' and CWT's Rule 26(a)(1) disclosures addressed to the issues in the third Amended Complaint are to be exchanged by **October 11, 2005**; it is further

**ORDERED** that CWT's Alternative Motions for Stay [Doc. #61, filed August 1, 2005] are **denied** as to CWT's first ground in support and **denied as moot** as to the alternative ground; it is further

**ORDERED** that Plaintiffs' Motion for leave to File Third Amended Complaint [Doc. # 75-1, filed August 12, 2005] is **granted**. The Third Amended Complaint and

04-cv-02319-REB-PAC
September 27, 2005

Jury Demand tendered on August 12, 2005 (Doc. #75-2) shall be **date stamped** and

**filed** this date; it is further

      **ORDERED** that **responses** to the Third Amended Complaint are to be filed no

later than **October 10, 2005**; it is further

      **ORDERED** that motions concerning possible recusal of the undersigned

magistrate judge are to be filed no later than **October 11, 2005.**


      Dated September 27, 2005.


                                        By the Court:

                                        s/Patricia A. Coan
                                        Patricia A. Coan
                                        United States Magistrate Judge