IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02319-REB-PAC

DONALD L. STURM,
MELANIE L. STURM,
JOHN C. STISKA,
JAMES O. SPITZENBERGER,
PAUL C. ADAMS, and
SHELDON S. OHRINGER,

      Plaintiff(s),

v.

OLD REPUBLIC INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
GENESIS INSURANCE COMPANY, and
CADWALADER, WICKERSHAM & TAFT, LLP

      Defendant(s).

_____

**ORDER**
_____

Order Entered by Patricia A. Coan, Magistrate Judge

      Plaintiffs have brought a declaratory judgment action against defendant Cadwalader, Wickersham & Taft, LLP ("CWT"), a law firm which provided legal services in an underlying securities action, which action is the subject of the coverage dispute between plaintiffs and the insurer defendants.  *See* Third Amended Complaint, ¶¶37-47. CWT claims that plaintiffs or the insurer defendants should pay CWT $2,527,357.18 in unpaid fees and costs allegedly incurred in defending the underlying action.  CWT also claims that any dispute between plaintiffs and CWT is subject to arbitration.

04-cv-02319-REB-PAC
October 7, 2005

      The case was referred to me for pretrial case management on November 12, 2004. I entered a Scheduling Order on August 25, 2005 and stayed discovery as to CWT. *See* August 25, 2005 Minutes/Minute Order. Subsequently, I lifted the stay after denying CWT's alternative motions for stay. *See* September 27, 2005 Order. Now before the Court is the Motion of Cadwalader, Wickersham & Taft to Stay Disclosures, Forthwith Consideration Requested [doc. # 108, filed October 6, 2005].

      CWT asks that the stay be continued because CWT intends to file another motion to stay and/or to compel arbitration on October 11, 2005 in response to the Third Amended Complaint. CWT also complains about my order denying its motion for stay,[1] and as grounds for the instant motion, argues that I should have decided CWT's motion on the alternative ground CWT urged, which is that the dispute between plaintiffs and CWT is subject to arbitration. Finally, referring to its interpretation of the claims alleged in the Third Amended Complaint, CWT maintains that plaintiffs cannot rely on an engagement agreement ("the Brobeck agreement"), which is a fee agreement plaintiffs signed with another law firm, as a ground for their claims against CWT and, because the Brobeck agreement contains an arbitration clause, simultaneously deny that the dispute with CWT is arbitrable. *See* CWT 10/6/05 motion, ¶5.

      I disagree with CWT in that I fail to find the claimed "reliance." In their Third

---

[1] *See* September 27, 2005 Order, at 3-8, 10, which also denied as moot CWT's alternative ground for a stay. *See id.* at 10.

2

04-cv-02319-REB-PAC
October 7, 2005

Amended Complaint, plaintiffs state only that the Brobeck agreement "provides that FirstWorld is solely responsible for the Brobeck legal fees and costs in the underlying action," *see* Third Amended Comp. at ¶38; and, plaintiffs further allege that, "although plaintiffs agreed to have attorney Markel represent them when he left Brobeck and went to CWT, they did not sign a fee agreement with CWT." *Id.*, ¶40. Against CWT, plaintiffs seek a declaratory judgment "setting forth the rights and obligations of the parties under the [insurance] Policies and the Brobeck engagement agreement. . ." *Id.*, ¶46.

For purposes of this Order only, I do not read the Third Amended Complaint as stating plaintiffs' *reliance* on the Brobeck agreement for their dispute with CWT. Instead, for purposes of this Order only, I find only that plaintiffs appear to cite the Brobeck agreement for the claim that, while plaintiffs were represented by the Brobeck firm and covered by the Brobeck agreement, an entity named "FirstWorld" had the sole obligation to pay the attorney fees and costs incurred at that time. Indeed, contrary to CWT's arguments that plaintiffs somehow have admitted being bound by the Brobeck agreement, I have not been provided any evidence that plaintiffs signed a fee agreement with CWT nor any indication that the Brobeck agreement would extend to CWT.

As discovery progresses, a factual dispute may develop about whether the Brobeck

04-cv-02319-REB-PAC
October 7, 2005

agreement, including its arbitration clause, encompasses the fee dispute with CWT.[2]  At this time and for purposes of this Order only, however, I find that the Brobeck agreement does not appear to extend to CWT's claim for fees, but is simply one of a number of documents to be considered when divining the rights and obligations of all the parties with respect to all the claims in this action.  And, for purposes of this Order only, if coverage and a duty to defend are found on the part of any of the insurers, then the Brobeck agreement may be helpful to an understanding of the reasonableness of the attorney fees and costs billed by the Brobeck firm and who is responsible for paying them.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that CWT's Motion to Stay Disclosures, doc. no.# 108 is **denied**.  It is further

**ORDERED** that CWT's October 6, 2005 motion for forthwith consideration, also doc. no. 108, is **granted** in that I have considered CWT's motion as of this date.

---

[2] *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp.2d 1277 (D. Colo. 2004)(M.J. Shaffer) which CWT's urges governs this issue, is distinguishable.  In *Merrill Lynch*, this Court considered an agency agreement which had a broad arbitration provision.  There, under the agreement, the agent was authorized to act on behalf of the members, so that the members were bound by the arbitration clause.  Here, I have not been provided with any evidence to suggest that the Brobeck firm was acting as CWT's agent, nor with any evidence that CWT was a third-party beneficiary of the Brobeck agreement.

04-cv-02319-REB-PAC
October 7, 2005

Dated this 7th day of October, 2005.

                                      By the Court:
                                      s/Patricia A. Coan
                                      Patricia A. Coan
                                      United States Magistrate Judge