IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02319-REB-PAC

DONALD L. STURM,
MELANIE L. STURM,
JOHN C. STISKA,
JAMES O. SPITZENBERGER,
PAUL C. ADAMS, and
SHELDON S. OHRINGER,

    Plaintiff(s),

v.

OLD REPUBLIC INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
GENESIS INSURANCE COMPANY, and
GULF INSURANCE COMPANY,

    Defendant(s).

---

### MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Unopposed Motion for Entry of Agreed Protective Order [filed September 27, 2006; Doc. No. 204] is **GRANTED.**  The attached Agreed Protective Order [filed September 27, 2006; Doc. No. 204 is made an Order of the Court this date.

Dated:  October 4, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-RB-2319-REB-PAC

DONALD L. STURM,
MELANIE L. STURM,
JOHN C. STISKA,
JAMES O. SPITZENBERGER,
PAUL C. ADAMS, and
SHELDON S. OHRINGER

        Plaintiffs,

v.

OLD REPUBLIC INSURANCE COMPANY,

        Defendant.

## AGREED PROTECTIVE ORDER

This cause coming before the Court in the above-referenced action (the "Action") on the parties' Joint Motion for a Protective Order and the Court finding that a protective order is appropriate, IT IS HEREBY ORDERED:

1.    This Agreed Order shall apply to the communication, use and dissemination of that settlement agreement and release entered into by and between Plaintiffs Donald L. Sturm, Melanie L. Sturm, John C. Stiska, James O. Spitzenberger, Paul C. Adams, and Sheldon S. Ohringer and Cadwalader, Wickersham and Taft, LLP ("CWT") dated March 21, 2006 (the "CWT Settlement Agreement").

2.    The term "CWT Settlement Agreement" shall refer to the final version of the settlement agreement entered into between Plaintiffs and CWT dated March 21, 2006.

3. As used herein, "Old Republic" means Old Republic Insurance Company and Chicago Underwriting Group, and their officers, directors, employees, attorneys, agents, representatives, experts, consultants, successors and assigns.

4. As used herein, "Confidential Information" means the CWT Settlement Agreement and all other documents and materials, of any nature whatsoever, describing or purporting to describe any aspect of the CWT Settlement Agreement.

5. Following the entry of this Order, Plaintiffs or their counsel shall provide to counsel for Old Republic a final, executed copy of the CWT Settlement Agreement.

6. Plaintiffs shall designate the copy of the CWT Settlement Agreement produced to Old Republic and governed by this Protective Order by marking each page "CONFIDENTIAL" or "CONFIDENTIAL PER COURT ORDER".

7. Confidential Information shall not be disclosed to any person or in any manner, except as provided below:

    a. The Confidential Information shall be used solely in conjunction with and for the purpose of this litigation, only as reasonably necessary for a party to the Action to prepare its claims and defenses, and only with and/or to the persons to whom disclosure is expressly allowed by this Order;

    b. Old Republic may not disclose to or discuss with any other person any Confidential Information, except that, subject and pursuant to Paragraph 7(d), Old Republic may disclose Confidential Information to a witness at a deposition in this proceeding as is reasonably necessary to prepare its claims and defenses, or to the Court subject to the conditions set forth herein. In the event that Confidential Information is disclosed or provided to any witness at

deposition, the witness shall not be allowed to retain a copy of it and the parties are instructed to retain possession of the Confidential Information;

c.   Old Republic shall not make copies or summaries of any Confidential Information for any purpose other than as allowed in Paragraph 7(a);

d.   Subject to the conditions set forth herein, Confidential Information may only be disclosed to the following persons: (i) Old Republic and the Plaintiffs; (ii) employees or members of the law firms representing the parties to the Action; (iii) CWT and its counsel; (iv) the Court and necessary Court personnel; (v) Court reporters performing necessary duties in this Action; (vi) any person who authored or previously received the document or information either before or after its designation as CONFIDENTIAL herein; and (vii) any witness at a deposition or trial in the Action. Any and all such persons receiving or reviewing any Confidential Information, or to whom it is to be disclosed in whole or in part, in any manner whatsoever, shall be bound by the terms of this Order. Any such person shall be notified of the fact of this Order and its requirements, and shall agree to them, before such person shall be entitled to receive, review, or have disclosure of any Confidential Information, in whole or in part. If any such person shall fail to agree to the terms of this Order, then, notwithstanding any other provision of this Order, such person shall not be entitled to receive or review, or have any disclosure of, any Confidential Information;

e.   All Confidential Information shall be designated, labeled and treated as Confidential pursuant to this Order;

3

      f.      Any pleadings, motions or other filings or submissions to the Court that include, describe or refer to any Confidential Information shall be filed under seal. The parties shall use Confidential Information at trial only as reasonably necessary. The parties agree that, in the event Confidential Information will be used at trial, they will cooperate to have the Confidential Information filed or remain under seal, and will cooperate to stipulate to appropriate procedures aimed at preserving confidentiality of the Confidential Information. The parties and CWT shall confer in good faith timely before trial about the need for use of Confidential Information at trial and about the procedures that should be used to maintain its confidence;

      g.      Within 30 days of the conclusion of this litigation, either by settlement of all claims or entry of final judgment after exhaustion of all appeals, Old Republic shall return to plaintiffs or destroy all copies of the Confidential Information. Any Party who has distributed or disclosed the Confidential Information shall be responsible for ensuring that all Confidential Information is destroyed or returned in compliance with this Order and shall promptly notify the other Parties and CWT if and to the extent such efforts have not been successful; and,

      h.      Any person subject to this Order shall notify the Parties hereto, and CWT as reasonably necessary, of any violation of this Order.

8.      This Order may be modified, superseded or terminated by agreement of the parties in writing or by order of this Court. Any person to whom disclosure of any

Confidential Information is made is subject to the terms of this Order and the jurisdiction of this Court.

9. This Order is not intended to and does not affect the agreement among CWT and Plaintiffs concerning the confidentiality of the CWT Settlement Agreement as set forth in that agreement. Notwithstanding any other provision of this Order, nothing in this Order shall limit the use that Plaintiffs and/or CWT may make of the CWT Settlement Agreement or Confidential Information. Any such disclosures by Plaintiffs and/or CWT shall not affect the status of the Confidential Information for the purposes of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

10. The provisions of this Order shall remain binding notwithstanding, and shall survive, the conclusion of this litigation by settlement, dismissal or entry of final judgment.

11. CWT is an intended beneficiary of this Order and may enforce its terms.

DATED THIS DAY OF October 3, 2006.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO
Magistrate Judge Patricia A. Coan

AGREED:

Old Republic Insurance Co.

/s/ Sarah D. McTurnan
By its Attorneys

Philip C. Stahl
Patrick T. Nash
Sarah D. McTurnan
GRIPPO & ELDEN LLC
111 S. Wacker Dr.
Chicago, IL 60606
(312) 704-7700

Donald L. Sturm
Melanie L. Sturm
John C. Stiska
James O. Spitzenberger
Paul C. Adams
Sheldon S. Ohringer

/s/ Bradley A. Levin
By their Attorneys

Bradley A. Levin
Jeremy A. Sitcoff
ROBERTS LEVIN & PATTERSON
1660 Wynkoop Street, #800
Denver, CO 80202
(303) 575-9390

Jeffrey Chase
Larry Zavadil
JACOBS CHASE FRICK KLEINKOPF
  & KELLY LLC
1050 17th Street
Suite 1500
Denver, CO 80265-2078

6